## G. W. DOHONEY v. JAS. D. LYON ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—249.]

**Power of Collection Agent.**

> An agent in making collections has no right to take property instead of money. He may not speculate in property for the purpose of collecting the debt, and when he takes property in discharge of a debt his principal must account for the amount of the note.

**Notes Held as Indemnity.**

> One holding notes to indemnify him on a debt must account for an excess of money derived from their collection over the amount of the debt they secure.

### APPEAL FROM ADAIR CIRCUIT COURT.

September 15, 1881.

OPINION BY JUDGE PRYOR:

The commissioner in this case has made a very clear and intelligent report of the joint undertaking between these parties. The notes were placed in the hands of the appellant to indemnify him fully against loss, and from the testimony it is plain that he has been fully secured, and the judgment was proper. He claims that all the collections made only entitle appellees to a credit of $300, when he should have made an exhibit or disclosure of his collections

31

and have given the parties the credit to which they were clearly entitled.

The agent sent Smith to collect these notes, and had no right to compromise without the direction of the assignors; nor are we inclined to think that they were liable for the expenses of this agent in making his collection tour. The agent bought mules with the note of South for $226, and for this amount his principal was properly charged. He had no right to speculate in mules for the purpose of collecting the debt, and if he took mules in discharge of the note, his principal must account for the amount of the note. After deducting the expenses on the horse of the appellant, and the amount the son agreed should be deducted from the price, the balance was $49, for which the appellant has been credited.

The other exceptions we have noticed and find no error to appellant's prejudice; and as to the cross-errors they are unavailing unless the appellant was compelled, as an ordinary assignee, to exercise the utmost vigilance in the collection of the notes held by the appellant as collateral.

The rights of the parties as to the notes of Stewart and Compton were properly asserted. Because the notes were executed to J. D. Lyon was not a sufficient reason for making him bear the loss. Lyon, after giving a detailed statement of cash received of South, and how appropriated, had a balance of $34 to make his trip home. We see nothing in this case of which appellant should complain. It is certain that he has received all to which he was entitled.

The officers of the bank in which the notes were deposited show the amount collected, and the proof further shows the notes belonging to Robert Lyon and that belonging to Dohoney and Lyon; and from the record before us we can not see how a more equitable adjustment of these accounts can be made than that evidenced by the report of the commissioner.

The judgment is *affirmed* on the original and cross-appeal.

*T. C. & F. R. Winfrey, for appellant.*

*William Stewart, Hindman & Sampson, Rhorer & Jones, for appellees.*

[Cited, *Woodruff v. American Road Mach. Co.*, 23 Ky. L. 1551, 65 S. W. 600.]